IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,                      No. 2:09-cv-1494 MCE KJN P

    vs.

MATHEW CATE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff requests the appointment of counsel. Plaintiff asserts that such appointment is necessary due to his lack of legal expertise and previous reliance on other inmates to prepare his legal briefs, now jeopardized by plaintiff's housing in administrative segregation. Plaintiff directs the court to his indigent status and his unsuccessful attempts to independently obtain outside counsel. Plaintiff also recounts several alleged incidents subsequent to the filing of his complaint that allegedly demonstrate his ongoing legal and pragmatic challenges in pursuing this action.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d

1

1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  The court's orders, in addition to the court's Local Rules, and the Federal Rules of Civil Procedure, provide sufficient direction to plaintiff in pursuing this action.  Plaintiff's present filing (presumably prepared by plaintiff without the assistance of another inmate) demonstrates that he is articulate and capable of recounting pertinent factual allegations and legal claims.  Moreover, the additional factual allegations set forth in plaintiff's motion do not provide an independent basis warranting appointment of counsel.  These matters must be administratively exhausted before plaintiff may seek leave to add claims if clearly related to the instant action, or pursue those matters in an independent action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 17, 2011, request for appointment of counsel (Dkt. No. 16) is denied.

DATED:  March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.31kjn