IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,                      No.  2:09-cv-01494 MCE KJN P

    vs.

MATTHEW CATE, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner at California State Prison-Sacramento ("CSP-SAC"), who proceeds without counsel, in this civil rights action against two CSP-SAC correctional officers, Phelps and Hernandez.  (See Dkt. No. 7.)  The court found that plaintiff may state potentially cognizable claims against Phelps, pursuant to the Eighth Amendment's proscription against cruel and unusual punishment, the Fourteenth Amendment's protection against arbitrary and capricious punishment, and the Fourteenth Amendment's right to be free from racial discrimination, based on allegations that Phelps improperly restrained plaintiff and inappropriately placed him in holding cages, a suicide cell, and administrative segregation.  (Id. at 4.)  The court further found that plaintiff may state a potentially cognizable due process claim against Hernandez, for the allegedly authorized and intentional deprivation of plaintiff's property.  (Id. at 5.)  Defendants have been served and are in the process of completing and filing their responsive pleading.

1  On April 18, 2011, plaintiff filed a 145-page motion for preliminary injunctive relief, pursuant to which plaintiff seeks an order of this court directing "defendants, their successors, agents and employees and all persons acting in concert with them to stop deliberately violating plaintiff's rights," and directing plaintiff's transfer to another prison.  (See generally Dkt. No. 27; id. at 9.)  Plaintiff alleges, inter alia, that he is suffering a "long list of reprisals" that include a staff assault; prolonged denial of showers; prolonged denial of outside exercise; shutting off of plaintiff's toilet; substituting plaintiff's legal mail with fake documents; administering a substance in plaintiff's food that has caused an allergic reaction and rendered plaintiff afraid to eat; denial of adequate medical care; setting plaintiff up to engage in a physical altercation with other inmates so that defendants won't be held liable for plaintiff's back injury; turning general population inmates against plaintiff in an effort to get him hurt or killed.  (Id. at 1-8.)  Significantly, plaintiff does not identify those members of the CSP-SAC staff who he believes are responsible for these actions; rather, plaintiff generally asserts that "staff" and "prison officials" are committing these acts.

Plaintiff contends that a preliminary injunction is necessary because plaintiff has no adequate remedy at law; he faces the possibility of irreparable harm absent this court's intervention; the threatened injuries plaintiff faces outweigh any interests defendants may have in maintaining the status quo; the public interest would be served by protecting plaintiff's rights and safety; and there is a reasonably likelihood that plaintiff will prevail on the merits of the underlying claims.

Legal Standards

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo

Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 375-76 (2008). A Ninth Circuit panel has found, post-Winter, that this circuit's sliding scale approach, or "serious questions" test, survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision pursuant to a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general, rule this court is unable to issue an order against individuals who are not parties to the suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Discussion

Petitioner fails to meet the criteria for issuance of a preliminary injunction. The allegations of the instant motion are wide-ranging, and premised on the alleged misconduct of

3

unidentified individuals.[1] Plaintiff's claims herein appear to be outside the subject matter of this litigation and/or unamenable to a "narrowly drawn" restraining order. Because it appears that the majority of plaintiff's claims herein will not be heard on the merits in the underlying action, preliminary injunctive relief would not impact the court's power to render a meaningful decision in this case.

Moreover, convicted prisoners have no reasonable expectation that they will be housed in a particular facility. Prison officials have broad authority to hold a prisoner at a particular institution, or to transfer a prisoner to another institution. Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted); see also Olim v. Wakinekona, 461 U.S. 238, 245-246 (1983) (interstate prison transfer does not, standing alone, implicate Due Process Clause). Plaintiff's request for an order directing his transfer to another prison is not a matter subject to preliminary injunctive relief.

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's motion for a preliminary injunction (Dkt. No. 25), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977). Nevertheless, the undersigned does not conclude that injunctive relief is appropriate in this case.

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.mtn.pi.