IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,                  No.  2:09-cv-01494 MCE KJN P

  vs.

MATTHEW CATE, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner at California State Prison-Sacramento ("CSP-SAC"), who proceeds without counsel, in this civil rights action against two CSP-SAC correctional officers, Phelps and Hernandez.  (See Dkt. No. 7.)  Pending for decision is plaintiff's motion for preliminary injunctive relief; this is the second motion for a preliminary injunction that plaintiff has filed within the last four months.  (Dkt. No. 32.)  Plaintiff's first motion, which sought wide-ranging relief against unidentified parties, was denied on July 28, 2011.  (Dkt. No. 31.)

        Pursuant to the instant motion, plaintiff alleges that he is at risk of being killed or seriously injured by other inmates as a result of CSP-SAC staff improperly labeling plaintiff a snitch.  Plaintiff also alleges that staff harass him and make him vulnerable to attack by other inmates, e.g., by housing mentally ill and dangerous inmates with plaintiff; by tampering with plaintiff's food, showers, and cell; and by providing inadequate medical care.  Plaintiff seeks an

1

order of this court directing CSP-SAC staff to protect plaintiff by placing him in a special needs unit, or by transferring him to another institution (e.g., California Men's Colony-East), where plaintiff can escape his current reputation and vulnerability.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 375-76 (2008). A Ninth Circuit panel has found, post-Winter, that this circuit's sliding scale approach, or "serious questions" test, survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision pursuant to a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). Implicit in

1  this required showing is that the relief awarded is only temporary and there will be a full hearing
2  on the merits of the claims raised in the injunction when the action is brought to trial.  In
3  addition, as a general, rule this court is unable to issue an order against individuals who are not
4  parties to the suit pending before it.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S.
5  100 (1969).
6          Plaintiff's current allegations are, like his prior motion for preliminary injunctive
7  relief, wide-ranging, targeted against "high ranking officials and administrators."  However, now
8  plaintiff also names specific CSP-SAC staff (e.g., Phelps, Alkire, O'Brien, Heintschel,
9  Macomber, Dhillon), and states that he "plan[s] to come forward in a new 1983 civil complaint
10 that has a lot of defendants from CSP-SAC and has a huge number of complaints . . ."  (Dkt. No.
11 32 at 10.)  Plaintiff names one of the two defendants in the instant action, Sergeant Phelps, as the
12 staff member at the center of plaintiff's problems (<u>id.</u> at 8), who allegedly and knowingly moved
13 a dangerous prisoner into plaintiff's cell (<u>id.</u> at 12-14).  This allegation is consistent with
14 plaintiff's allegations in the present case.  Plaintiff is suing Phelps pursuant to potentially
15 cognizable claims under the Eighth Amendment's proscription against cruel and unusual
16 punishment, the Fourteenth Amendment's protection against arbitrary and capricious
17 punishment, and the Fourteenth Amendment's right to be free from racial discrimination, based
18 on allegations that Phelps improperly restrained plaintiff and inappropriately placed him in
19 holding cages, a suicide cell, and administrative segregation.  (Dkt. No. 7.)
20         Plaintiff contends herein that he faces the possibility of irreparable harm because
21 he may be attacked or killed by other inmates; that plaintiff has no adequate remedy at law; that
22 the threat of danger to plaintiff outweighs any interest defendants may have in maintaining the
23 status quo; that the public interest would be served by protecting the constitutional rights of all its
24 members; and that plaintiff has a reasonable likelihood of prevailing on the merits of these
25 matters.
26         Petitioner's safety is fundamental to preserving the court's power to render a

meaningful decision in this case. Phelps, like all CSP-SAC staff members, is required to meet constitutional standards in his employment, which includes protecting plaintiff from harm. However, the instant motion fails to identify a specific harm that can or must be addressed by preliminary relief, or that is required in order to preserve the matter for a decision on the merits.

The majority of plaintiff's claims set forth in the instant motion will not be heard on the merits in the underlying action. Rather, it appears that these claims, and the staff members against whom they are made, may be addressed in plaintiff's anticipated future action(s).[1]

Moreover, as the court previously noted, prisoners have no reasonable expectation that they will be housed in a particular facility. Prison officials have broad authority to hold a prisoner at a particular institution, or to transfer a prisoner to another institution. Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted); see also Olim v. Wakinekona, 461 U.S. 238, 245-246 (1983) (interstate prison transfer does not, standing alone, implicate Due Process Clause). Plaintiff's request for an order directing his transfer to another prison, or to a specific program within CSP-SAC, is not a matter subject to preliminary injunctive relief.

Because the undersigned finds that preliminary injunctive relief is not necessary to preserve the court's power to render a meaningful decision in this case, this court recommends

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977). However, none of the staff members named by plaintiff in the instant motion appear to have responsibility for the matters pending for decision in this action.

that plaintiff's motion be denied.

However, plaintiff is informed that the court is contemporaneously filing a separate order directing plaintiff to show cause why he has not filed an opposition to defendants' motion to dismiss plaintiff's claims against Phelps, filed June 6, 2011.  Absent a timely response to that order to show cause and the filing of an opposition to the motion to dismiss, the court will grant defendants' motion.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's motion for a preliminary injunction (Dkt. No. 32), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.mtn.pi.