IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,                      No. 2:09-cv-1494 MCE KJN P

    vs.

MATHEW CATE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff moves to compel defendant Phelps to provide further responses to plaintiff's "First Request for Production of Documents and Tangible Things," served on Phelps on April 23, 2012. Defendant served his responses and a limited production of documents on July 12, 2012, subject to an extension of time. (See Motion, Dkt. No. 64, and exhibits thereto.) Defendant opposes plaintiff's motion on the ground that he has produced all relevant responsive documents within his possession, custody or control. Defense counsel further states that, while "not required" to do so, he sought from prison officials the documents identified in plaintiff's Requests Two through Four, but was informed that "the documents are beyond the retention period, and had been purged." (Dkt. No. 65 at 3.)

        A request for production of documents, pursuant to Federal Rule of Civil Procedure 34, requires that the party upon whom the request is served provide all responsive

1

documents within that party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The term "control" is broadly construed to include documents that the responding party has the legal right to obtain from third parties. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Thus, if the responding party has a legal right to a responsive document that is in the possession, custody or control of a third party, the responding party is obligated to obtain such documents and produce them to the requesting party. Id. Defendant employees of the California Department of Corrections and Rehabilitation ("CDCR") have a legal right to CDCR documents that are pertinent, and generated pursuant, to their employment. See e.g. Allen v. Woodford, 2007 WL 309945, *4, *7 (E.D. Cal. 2007) (rejecting argument that Eleventh Amendment precludes CDCR's cooperation in employee defendant's response to a production request).[1]

For these reasons, an appropriate source of requested materials is, in the instant case, the CSP-SAC Litigation Office. Accord Gorton v. Bick, 2010 WL 3825696, *10 (E.D. Cal. 2010) (defendant required to provide response from prison litigation office, either producing the requested documents or attesting that the documents do not exist); Allen v. Woodford, supra, 2007 WL 309945 at *7 (directing "the CDCR defendants to file a declaration by the supervisor/s of the named individual defendants explaining the issue of access to documents: who has access, who does not, the statute relied upon, the written policy relied upon, under what circumstances is

---

[1] As explained in more detail in Allen v. Woodford, supra, 2007 WL 309945 at *2 (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

access granted, the process of getting access and why that process does not allow access by these defendants").

Consistent with this precedent, the court will require defendant Phelps to formally request from the CSP-SAC Litigation Office the documents sought pursuant to plaintiff's subject production request, and to thereafter serve plaintiff with a Supplemental Response. The discovery deadline in this action is August 10, 2012. That date shall remain in effect with the exception of the extended deadlines provided herein.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (Dkt. No. 64), is granted in part.

2. Counsel for defendant Phelps shall, within seven (7) days after service of this order, submit the following to the CSP-SAC Litigation Office: (a) a copy of plaintiff's subject production request (plaintiff's "First Request for Production of Documents and Tangible Things," served on defendant Phelps on April 23, 2012), together with a copy of defendants' response and a list of the documents produced thereto; (b) a copy of this order; and (c) an appropriate cover letter requesting that an official with the CSP-SAC Litigation Office provide the following response.

3. Within ten (10) days after receipt of defense counsel's request, an official with the CSP-SAC Litigation Office shall provide defense counsel with copies of any relevant documents responsive to plaintiff's subject production request that have not previously been produced, and a declaration that explains the unavailability of any other requested documents.

4. Defense counsel shall, within seven (7) days after receiving the CSP-SAC response, serve plaintiff with a Supplemental Response to the subject production request, that includes copies of any newly produced documents and a copy of the declaration prepared by the

////

////

////

1 | CSP-SAC Litigation Office official.

2 | DATED: August 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.disc