IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

        Plaintiff,                     No.  2:09-cv-01494 MCE KJN P

    vs.

MATHEW CATE, et al.,

        Defendants.             ORDER

_____/

        By order filed May 29, 2013, this court granted plaintiff's request for assistance in locating two inmates, to permit plaintiff the opportunity to obtain their respective affidavits in support of plaintiff's factual allegations and, therefore, in opposition to defendant's pending motion for summary judgment.  (See ECF No. 84.)  Plaintiff informed the court that both inmates, whose last names are Johnson and Garland, had been cellmates of plaintiff.  (ECF No. 75.)  The court directed defendant's counsel to serve plaintiff with a letter setting forth the identifying information for these inmates.  Defendant's counsel timely responded with the requisite information for Johnson, but not for Garland; counsel explained that there are currently seven inmates with the last name Garland, and none were cellmates of plaintiff when he was incarcerated at California State Prison-Sacramento, the site of the challenged conduct.  Based on this information, the court finds that it would be futile to require further efforts to locate inmate

1  Garland.

2  Meanwhile, plaintiff filed a request seeking additional time to obtain the subject
3  affidavits, as well as express authorization by the court for plaintiff to communicate directly with
4  other inmates. Correspondence between inmates is generally prohibited. See C.C.R. tit. 15, §
5  3139. However, inmates may "obtain written authorization from the Warden . . . or [his]
6  designee . . . to correspond with any . . . [i]nmates under the jurisdiction of any county, state or
7  federal, juvenile or adult correctional agency . . . ." Id., § 3139(a). "Inmates may initiate
8  requests to correspond with the above by contacting their Correctional Counselor I (CCI)." Id., §
9  3139(b). The court will direct the Litigation Coordinator at plaintiff's place of incarceration, R.J.
10 Donovan Correctional Facility ("DCF"), to facilitate and expedite this process, so that plaintiff
11 may seek to obtain an affidavit from inmate Johnson.

12  The court notes, however, that current perusal of CDCR's on-line "Inmate
13 Locator" fails to identify an incarcerated inmate with the name and number associated with
14 Johnson. If Johnson is no longer incarcerated, then neither the court nor CDCR officials can
15 reasonably be expected to facilitate plaintiff's communication with Johnson, particularly within
16 the time limitations and briefing requirements of the court. Hence, if Johnson is no longer
17 incarcerated, plaintiff's request for the court's assistance in obtaining Johnson's affidavit will be
18 deemed denied.

19  Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

20  1. Plaintiff's request for the court's assistance in obtaining an affidavit from
21 inmate Garland is denied.

22  2. Plaintiff's request for extended time is granted insofar as the following dates
23 are now controlling (the dates set forth in ECF No. 84 are no longer controlling):

24  3. Within seven (7) days after the filing date of this order, the DCF Litigation
25 Coordinator shall inform plaintiff and the court whether inmate Johnson remains incarcerated
26 pursuant to the authority of CDCR.

4. If Johnson is no longer incarcerated, then plaintiff's request for the court's assistance in obtaining an affidavit from Johnson is deemed denied, and no further briefing will be permitted.

5. If Johnson remains incarcerated pursuant to the authority of CDCR, the following shall apply:

  a. The DCF Litigation Coordinator is directed to facilitate and expedite authorization, pursuant to title 15, California Code of Regulations, section 3139, and the instant order, for plaintiff to send a written request to inmate Johnson to prepare a supporting affidavit in this action; and, provided Johnson agrees, for Johnson to send the written affidavit to plaintiff. If possible, this entire process should not exceed twenty-one (21) days from the filing date of this order.

  b. Within thirty-five (35) days from the filing date of this order, plaintiff shall file and serve a supplemental opposition to the pending motion for summary judgment, incorporating Johnson's affidavit; OR plaintiff shall inform the court that Johnson declined to prepare an affidavit, in which case no further briefing will be permitted.

  c. Should plaintiff file a supplemental opposition that includes Johnson's affidavit, defendant may file an serve a supplemental reply within seven (7) days after service of the supplemental opposition.

6. The Clerk of Court is directed to serve a copy of this order on the Litigation Coordinator for the R.J. Donovan Correctional Facility.

SO ORDERED.

DATED: June 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.frthr.brfng.