IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,      No. 2:09-cv-01494 MCE KJN P

  vs.

MATHEW CATE, et al.,

    Defendants.      <u>ORDER</u>

_____/

In response to this court's order filed July 16, 2013 (ECF No. 92), defendant filed and served a response with the following information concerning the location of plaintiff's former cellmate (see ECF No. 93):

> On July 16, 2013, the Court issued an Order directing defense counsel to research Plaintiff's cell partner history at California State Prison Sacramento, (CSP-Sac), for the year 2008, to determine whether Plaintiff was ever housed with an inmate named Ty Edward Garland, or Ty Edwards Garland. (ECF No. 92.) If so, defense counsel is to report whether Mr. Garland is incarcerated. (Id.)
>
> Defense counsel has learned that Plaintiff was housed with an inmate named Ty Edward Garland at CSP-Sac during a portion of March and April of 2008. Ty Edward Garland was assigned CDCR number T-66530. The CDCR records show that Mr. Garland is no longer in custody or on parole. He was on parole, and has since been discharged from parole. Defense counsel does not have any further information regarding Mr. Garland or his current location.

1

Because Mr. Garland is no longer incarcerated, and has been discharged from parole, CDCR has no means of locating or contacting him. Therefore, the court will not accord plaintiff additional time within which to attempt to contact Mr. Garland, for the purpose of requesting an affidavit in support of plaintiff's opposition to defendant's pending motion for summary judgment. Nevertheless, should plaintiff obtain such an affidavit, he may immediately file and serve it, and defendant may file a response within seven days after the filing date of the affidavit.

The only other outstanding matter is the 35-day deadline authorizing, but not requiring, plaintiff to file and serve a supplemental opposition to defendant's motion, which contains a supporting affidavit by inmate Johnson. (See ECF No. 87.) Plaintiff was not required to submit a supplemental opposition, but merely accorded the opportunity to do so (as facilitated by the court and the Attorney General's office). However, this deadline expired on July 18, 2013. While the court acknowledges that inter-prison communications may be slow, plaintiff has not informed the court of good cause for extending the deadline, e.g., affirmative evidence that Mr. Johnson will be providing the requested affidavit. Nevertheless, as with Mr. Garland's anticipated affidavit, should plaintiff obtain Mr. Johnson's affidavit, he may immediately file and serve it, together with his supplemental opposition, and defendant may file a response within seven days after the filing date of the opposition.

The court emphasizes, however, that it intends to address forthwith the merits of defendant's motion for summary judgment; any briefs or affidavits filed after the signature date of this order may be disregarded and will be considered by the undersigned only if received prior to issuance of the findings and recommendations on defendant's motion.

DATED: July 25, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

asbe1494.fin.brfg